UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ABC RUG & CARPET CLEANING SERVICE, INC.,
RUG RENOVATING CO., INC. and A.B.C. CARPET
CO., INC.,



**COMPLAINT**

                                        Plaintiffs,

                                                        Civil Action:

        - against -

                                                        08 CIV. 5737

ABC RUG CLEANERS, INC., ABC RUG                          Judge Berman
CLEANERS.COM, ABC CARPET &
UPHOLSTERY CARE, INC. and NY
MANHATTAN MANAGEMENT, INC.,

                                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiffs ABC RUG & CARPET CLEANING SERVICE, INC., RUG

RENOVATING CO., INC. and A.B.C. CARPET CO., INC. by their attorney,

ROBERT L. DOUGHERTY, as and for their complaint against the defendants,

alleges as follows:

        1.      Plaintiff ABC RUG & CARPET CLEANING SERVICE, INC. ("ABC

RUG & CARPET CLEANING SERVICE") is a corporation organized under the laws

of the State of New Jersey and has a place of business at 532 North Grove Street,

East Orange, New Jersey 07017.

        2.      Plaintiff RUG RENOVATING CO., INC. ("RUG RENOVATING") is a

corporation organized under the laws of the State of New Jersey and has a place

of business at 532 North Grove Street, East Orange, New Jersey 07017.

-1-

3.    Plaintiff A.B.C. CARPET CO., INC. ("A.B.C. CARPET") is a corporation organized and existing under the laws of the State of New York with its principle place of business at 881 Broadway, New York, New York 10003.

4.    Upon information and belief, defendant ABC RUG CLEANERS, INC. ("ABC RUG CLEANERS") is a corporation organized under the laws of the State of New York and maintains a place of business at 4809 Avenue N, Brooklyn, New York 11234.

5.    Upon information and belief, defendant ABC RUG CLEANERS.COM is a website associated with the defendants as well as the officers and principals of the defendants.

6.    Upon information and belief, defendant ABC CARPET & UPHOLSTERY CARE, INC. ("ABC CARPET & UPHOLSTERY CARE") is a corporation organized under the laws of the State of New York and maintains a place of business at 339 East 104th Street, New York, New York 10029.

7.    Upon information and belief, defendant NY MANHATTAN MANAGEMENT, INC. ("NY MANHATTAN MANAGEMENT") is a corporation organized under the laws of the State of New York and maintains a place of business at 286 Lawrence Avenue, Lawrence, New York 11559.

### PRELIMINARY STATEMENT

8.    This is an action arising under the Trademark Act of July 5, 1946 (the "Lanham Act"), as amended, United States Code, Title 15, section 1051, et seq, for

-2-

trademark infringement and dilution, false designation of origin, unfair competition, together with claims for common law and statutory trademark dilution, unfair competition and deceptive business practices under the laws of the State of New York.

9.     Defendants ABC RUG CLEANERS and ABC CARPET & UPHOL-STERY CARE are doing business under corporate names that are in violation of plaintiffs' trademark, service mark and license rights.

10.     Defendants ABC RUG CLEANERS and ABC CARPET & UPHOL-STERY CARE are engaging in trademark infringement and dilution and deceptive business practices by confusing the public as well as plaintiffs' customers that these defendants - through their confusingly similar names and through deceptive business practices - are somehow associated with plaintiffs ABC RUG & CARPET CLEANING SERVICE and A.B.C. CARPET and their associated companies.

11.     From about the beginning of 2007 and with increasing frequency, defendants ABC RUG CLEANERS, ABC CARPET & UPHOLSTERY CARE and NY MANHATTAN MANAGEMENT have appeared at the homes and businesses of plaintiffs' customers and deceived these customers into believing they were associated with plaintiffs ABC RUG & CARPET CLEANING SERVICE and A.B.C. CARPET, and have stolen and diverted rug and carpet cleaning and associated business away from plaintiff ABC RUG & CARPET CLEANING SERVICE.

12.    Upon information and belief, the website ABC RUG CLEANERS.COM was created by the defendants to deceive the public as well as plaintiffs' customers into contacting defendants for rug and carpet cleaning and related services instead of plaintiff ABC RUG & CARPET CLEANING SERVICE.

13.    Upon information and belief, defendants ABC RUG CLEANERS, ABC CARPET & UPHOLSTERY CARE and NY MANHATTAN MANAGEMENT have also been improperly and deceptively conducting business under other names in violation of plaintiff's trademark and license rights, including the names ABC Rug & Carpet Cleaners, ABC Rug & Carpet Cleaning, ABC Carpet & Rug Services, ABC Carpet Rug Repair Service and ABC Carpet & Upholstery Cleaning.

14.    In fact, in 2000, plaintiff ABC RUG & CARPET CLEANING SERVICE commenced an action in the Superior Court of New Jersey, Essex County against ABC Rug & Carpet Cleaning claiming patent infringement and dilution as well as deceptive business practices.

15.    On April 13, 2000, defendant ABC Rug & Carpet Cleaning as well as related parties, ABC Cleaning, Inc. and 800 Rug Wash, Inc. entered into a Consent Order barring them from using the "ABC" designation "in any future advertising, including but not limited to print, broadcast or internet advertising".

16.    The attorney representing defendants ABC Rug & Carpet Cleaning, ABC Cleaning, Inc. and 800 Rug Wash, Inc. in the 2000 New Jersey action and Consent Order was Steven I. Hilsenrath, Esq.

-4-

17.    Mr. Hilsenrath also represents defendant ABC RUG CLEANERS, INC. - a defendant in the present action.

18.    It is evident that the New Jersey Consent Order has been violated. It is also evident that the defendants in this action are slightly revising their corporate names and titles to avoid the effect of any Court Order and continue to engage in deceptive business practices and infringe and dilute plaintiffs' trademark, service mark and licensing rights.

19.    In this action, plaintiffs allege:

a)    Trademark infringement in violation of 15 U.S.C. Section 1114(1)(a),

b)    False designation of origin and unfair competition in violation of 15 U.S.C. Section 1125(a),

c)    Trademark dilution in violation of 15 U.S.C. Section 1125(c),

d)    Cyberpiracy in violation of 15 U.S.C. Section 1125(d),

e)    Trademark infringement and unfair competition in violation of New York State Common law,

f)    Trademark dilution in violation of New York General Business Law Section 360-l, and

g)    Deceptive acts and practices in violation of New York General Business Law Section 349.

-5-

## JURISDICTION

20.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1338 (a) due to violation of the Lanham Act.

21.    This Court has personal jurisdiction over defendants ABC RUG CLEANERS, ABC RUG CLEANERS.COM, ABC CARPET & UPHOLSTERY CARE and NY MANHATTAN MANAGEMENT, because these defendants have transacted business within the District, both generally and specifically regarding the allegations in this complaint, and because these defendants have committed tortious acts within this District.

22.    Venue properly lies within this District under 28 U.S.C. Section 1400 (b) because these defendants have committed acts of trademark infringement and dilution and cyberpiracy in this District.

23.    Venue is also proper in this District pursuant to 28 U.S.C. Section 1391 because a substantial part of the dispute giving rise to this action occurred in this District.

## FACTS

24.    On October 17, 1997, plaintiff ABC RUG & CARPET CLEANING SERVICE was incorporated under the laws of the State of New Jersey and maintains a place of business at 532 North Grove Street, East Orange, New Jersey.

-6-

25.    On January 14, 2000, plaintiff ABC RUG & CARPET CLEANING SERVICE filed a certificate with the New York Secretary of State pursuant to Section 1304 of the Business Corporation Law authorizing ABC RUG & CARPET CLEANING SERVICE to conduct business in the State of New York.

26.    Since about 1997, plaintiff ABC RUG & CARPET CLEANING SERVICE has been actively engaged in the business of cleaning, repairing and restoring handmade rugs and area carpets at plaintiff ABC RUG & CARPET CLEANING SERVICE's business location as well as cleaning of installed wall to wall carpet, furniture and window treatments in the customer's home.

27.    Since about 1997, plaintiff ABC RUG & CARPET CLEANING SERVICE has been conducting business in the five boroughs of New York City and Nassau, Suffolk, Westchester, Orange, Rockland and Dutchess Counties in New York, as well as in both northern and central New Jersey.

28.    Since about 1997, plaintiff ABC RUG & CARPET CLEANING SERVICE has expended considerable effort and expense in building up its reputation and customer base.

29.    Since 1997, plaintiff ABC RUG & CARPET CLEANING SERVICE has established a significant good will value to its name based on over ten years of cleaning, repairing and restoring handmade rugs and area carpets as well as cleaning of wall to wall carpet, furniture and window treatments, all at fair prices and with good service.

-7-

30.    On March 23, 1990, A.B.C. CARPET granted a license to plaintiff RUG RENOVATING allowing plaintiff RUG RENOVATING to use A.B.C. CARPET's licensed trademarks in consideration for paying A.B.C. CARPET a percentage of plaintiff's annual gross revenues.

31.    On or about October 17, 1997, plaintiff RUG RENOVATING formed ABC RUG & CARPET CLEANING SERVICE for the purpose of using the license given by A.B.C. CARPET to RUG RENOVATING concerning   A.B.C. CARPET's licensed trademarks and service marks.

32.    On September 1, 1998, A.B.C. CARPET registered a service mark "ABC" Carpet & Home with the United States Patent & Trademark Office - Registration No. 2,185,853.

33.    On October 6, 1998, A.B.C. CARPET registered a service mark for "ABC" with the United States Patent & Trademark Office - Patent No. 2,193,567.

34.    On December 22, 1998, A.B.C. CARPET registered the service mark "ABC" with the United States Patent & Trademark Office - Registration No. 2,212,531.

35.    On March 28, 2007, defendant ABC RUG CLEANERS was incorporated under the laws of the State of New York and maintains a place of business at 4809 Avenue N, Brooklyn, New York 11234.

36.    By incorporating under the name ABC RUG CLEANERS, defendant ABC RUG CLEANERS was in violation of plaintiffs' trademark and licensing rights.

-8-

37.    Defendant ABC RUG CLEANERS' corporate name is confusingly similar to plaintiffs ABC RUG & CARPET CLEANING SERVICE and A.B.C. CARPET's corporate name and because of the similarity, confuses the public as well as plaintiffs ABC RUG & CARPET CLEANING SERVICE and A.B.C. CARPET's customers into believing that there is some association between defendant ABC RUG CLEANERS and plaintiffs ABC RUG & CARPET CLEANING SERVICE and A.B.C. CARPET.

38.    Upon information and belief, starting in about 2007, defendant ABC RUG CLEANERS has been advertising its services through various Yellow Pages and in other ways as a carpet and rug cleaning company in the New York Metropolitan area, including northern New Jersey.

39.    Upon information and belief, defendant ABC RUG CLEANERS has also established a website under the name ABCRugCleaners.com advertising the rug and carpet cleaning services it provides.

40.    The ABCRugCleaners.com website is confusing the public as well as plaintiffs' customers into believing that there is some association between defendant ABC RUG CLEANERS and plaintiffs ABC RUG & CARPET CLEANING SERVICE and A.B.C. CARPET.

41.    Said Yellow Book and other advertisements as well as the website are in violation of plaintiffs' trademark and licensing rights and have confused plaintiffs ABC RUG & CARPET CLEANING SERVICE and A.B.C. CARPET's customers as

-9-

well as the public at large into believing that defendant ABC RUG CLEANERS has some relationship with plaintiffs ABC RUG & CARPET CLEANING SERVICE and A.B.C. CARPET.

42.    On several occasions during 2007 and 2008, plaintiff ABC RUG & CARPET CLEANING SERVICE and A.B.C. CARPET's customers have mistakenly contacted defendant ABC RUG CLEANERS, including through defendants' website, believing that they were contacting plaintiffs ABC RUG & CARPET CLEANING SERVICE and A.B.C. CARPET.

43.    On several occasions during 2007 and 2008, defendant ABC RUG CLEANERS has diverted and attempted to divert customers of plaintiffs ABC RUG & CARPET CLEANING SERVICE and A.B.C. CARPET by falsely telling plaintiffs ABC RUG & CARPET CLEANING SERVICE and A.B.C. CARPET's customers as well as the public at large that defendant ABC RUG CLEANERS was plaintiffs ABC RUG & CARPET CLEANING SERVICE or A.B.C. CARPET or that defendant has some relationship with plaintiffs ABC RUG & CARPET CLEANING SERVICE or A.B.C. CARPET.

44.    On December 3, 2002, defendant ABC CARPET & UPHOLSTERY CARE was incorporated under the laws of the State of New York and maintains a place of business at 339 East 104th Street, New York, New York.

45.    By incorporating under the name ABC CARPET & UPHOLSTERY CARE, defendant ABC CARPET & UPHOLSTERY CARE was in violation of plaintiffs' trademark and licensing rights.

-10-

46.    Defendant ABC CARPET & UPHOLSTERY CARE's corporate name is confusingly similar to plaintiffs ABC RUG & CARPET CLEANING SERVICE and A.B.C. CARPET's corporate name and because of the similarity, confuses the public as well as plaintiffs' customers into believing that there is some association between defendant ABC CARPET & UPHOLSTERY CARE and plaintiffs ABC RUG & CARPET CLEANING SERVICE and A.B.C. CARPET.

47.    Upon information and belief, starting in about 2007, defendant ABC CARPET & UPHOLSTERY CARE has been advertising its services under the name ABC CARPET & UPHOLSTERY CARE as a carpet and upholstery cleaning company in the New York metropolitan area, including northern New Jersey.

48.    Said advertisements are in violation of plaintiffs' trademark and licensing rights and have confused plaintiffs' customers as well as the public at large into believing that defendant ABC CARPET & UPHOLSTERY CARE has some relationship with plaintiffs ABC RUG & CARPET CLEANING SERVICE or A.B.C. CARPET.

49.    Upon information and belief, on several occasions during 2007 and 2008, plaintiffs' customers have mistakenly contacted defendant ABC CARPET & UPHOLSTERY CARE believing that they were contacting plaintiffs ABC RUG & CARPET CLEANING SERVICE and A.B.C. CARPET.

-11-

50.    Upon information and belief, on several occasions during 2007 and 2008, defendant ABC CARPET & UPHOLSTERY CARE has diverted and attempted to divert customers of plaintiffs ABC RUG & CARPET CLEANING SERVICE by falsely telling plaintiffs' customers as well as the public at large that defendant ABC CARPET & UPHOLSTERY CARE was plaintiff ABC RUG & CARPET CLEANING SERVICE or that defendant has some relationship with plaintiffs ABC RUG & CARPET CLEANING SERVICE or A.B.C. CARPET.

51.    Defendant NY MANHATTAN MANAGEMENT is also deceiving the public and plaintiffs' customers by having on its invoices New York Management above the ABC Carpet & Upholstery Cleaning logo.

52.    Upon information and belief, defendant NY MANHATTAN MANAGE-MENT is the alter ego of defendant ABC CARPET & UPHOLSTERY CARE and/or ABC RUG CLEANERS.

53.    Defendant NY MANHATTAN MANAGEMENT is guilty of the same misconduct as defendants ABC RUG CLEANERS and ABC CARPET & UPHOLSTERY CARE based on trademark infringement, dilution and deceptive business practices, all in an effort to divert and steal business away from plaintiffs.

54.    Based upon the allegations set forth above, the defendants' prominent use of the plaintiffs' famous marks ABC, A.B.C. CARPET and ABC RUG & CARPET CLEANING SERVICE on or in connection with the cleaning and repairing of carpets, rugs and accessories, conveys the misleading commercial impression to the public that the defendants' business are affiliated with, connected with, or associated with the plaintiffs.

-12-

55.    The defendants' prominent use of the plaintiffs' famous marks ABC, A.B.C. CARPET and ABC RUG & CARPET CLEANING SERVICE creates a false designation of origin which is likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of the defendants' goods and services with the goods and services offered by the plaintiffs under its famous marks ABC, A.B.C. CARPET and ABC RUG & CARPET CLEANING SERVICE.

56.    In this action, plaintiffs allege:

    a)    Trademark infringement in violation of 15 U.S.C. Section 1114(1)(a),

    b)    False designation of origin and unfair competition in violation of 15 U.S.C. Section 1125(a),

    c)    Trademark dilution in violation of 15 U.S.C. Section 1125(c),

    d)    Cyberpiracy in violation of 15 U.S.C. Section 1125(d),

    e)    Trademark infringement and unfair competition in violation of New York State Common law,

    f)    Trademark dilution in violation of New York General Business Law Section 360-l, and

    g)    False advertising and deceptive acts and practices in violation of New York General Business Law Section 349.

## LANHAM ACT - TRADEMARK DILUTION - FIRST CAUSE OF ACTION

57.    Plaintiffs repeat and reallege each and every allegation made in paragraphs "1" through "56" with the same force and effect as if fully set forth herein.

-13-

58.    The plaintiffs' name and trademarks ABC, A.B.C. CARPET and ABC RUG & CARPET CLEANING SERVICE are famous marks qualifying for protection under Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

59.    On Mach 23, 1990, the name and trademarks ABC in block letters and A.B.C. CARPET were licensed by A.B.C. CARPET to RUG RENOVATING..

60.    Pursuant to that license agreement, plaintiff RUG RENOVATING has all the rights of A.B.C. CARPET in protecting the name, trademark and service mark - ABC, A.B.C. CARPET and ABC RUG & CARPET CLEANING SERVICE (or any similar version).

61.    In about 1997, plaintiff RUG RENOVATING formed ABC RUG & CARPET CLEANING SERVICE for the purpose of using the license rights granted to RUG RENOVATING under the license agreement with A.B.C. CARPET.

62.    Pursuant to the agreement between RUG RENOVATING and ABC RUG & CARPET CLEANING SERVICE, plaintiff ABC RUG & CARPET CLEANING SERVICE has all of the rights of A.B.C. CARPET in protecting the name, trademark and service mark - ABC, A.B.C. CARPET and ABC RUG & CARPET CLEANING SERVICE, or any similar version.

63.    Since about 2007, defendants have begun an unauthorized commercial use of the marks ABC, A.B.C. CARPET and ABC RUG & CARPET CLEANING SERVICE long after the plaintiffs' trademarks and service marks had become distinctive and famous.

-14-

64.     Defendants' unauthorized use of the marks ABC, A.B.C. CARPET and ABC RUG & CARPET CLEANING SERVICE has and will continue to lessen the capacity of the famous and distinctive trademarks ABC, A.B.C. CARPET and ABC RUG & CARPET CLEANING SERVICE to distinguish the plaintiffs' goods and services from those of others.

65.     The aforesaid acts of the defendants constitute trademark dilution and is a violation of 15 U.S.C. § 1125(c) of the Lanham Act and has caused and, without judicial intervention, will continue to cause plaintiffs irreparable harm for which there is no adequate remedy at law.

66.     Plaintiffs request a preliminary injunction as well as a permanent injunction against each defendant for dilution of the plaintiffs' mark and trade name.

67.     Upon information and belief, defendants have willfully violated plaintiffs' trademark rights and service mark rights entitling plaintiffs to recover defendants' profits as well as any damages sustained by plaintiffs, the costs of the action and reasonable attorney's fees to be determined by the Court.

68.     Plaintiffs will also seek judgment for three times the defendants' profits or plaintiffs' damages, whichever is greater, and will also request the Court to order destruction of the infringing advertisements, articles, websites, phone company directories and other communications and stop the use of their current phone numbers.

-15-

## LANHAM ACT - TRADEMARK INFRINGEMENT
### SECOND CAUSE OF ACTION

69.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "68" above, with the same force and effect as if fully set forth herein.

70.    Defendants unauthorized use of the marks ABC, A.B.C. CARPET and ABC RUG & CARPET CLEANING SERVICE constitute trademark infringement in violation of 15 U.S.C. §1114(1)(a).

71.    The aforesaid acts of defendants have caused and, without judicial intervention, will continue to cause plaintiffs irreparable harm for which there is no adequate remedy at law.

72.    Plaintiffs request a preliminary injunction as well as a permanent injunction against each defendant for dilution of the plaintiffs' mark and trade names.

73.    Upon information and belief, defendants have willfully violated plaintiffs' trademark rights entitling plaintiffs to recover each defendant's profits as well as any damages sustained by plaintiffs, the costs of the action and reasonable attorney's fees to be determined by the Court.

74.    Plaintiffs will also seek judgment for three times each defendant's profits or plaintiffs' damages, whichever is greater, and will also request the Court to order destruction of the infringing advertisements, articles, website, phone company directories and other communications and stop the use of their current phone numbers.

## LANHAM ACT - FALSE DESIGNATION OF ORIGIN AND
## UNFAIR COMPETITION - THIRD CAUSE OF ACTION

75.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "74" above, with the same force and effect as if fully set forth herein.

76.    The aforesaid acts of each defendant constitute a violation of 15 U.S.C. §1125(a) based on each defendant's false designation of origin and unfair competition.

77.    The acts of each defendant have caused and, without judicial intervention, will continue to cause plaintiffs irreparable harm for which there is no adequate remedy at law.

78.    Plaintiffs request a preliminary injunction as well as a permanent injunction against each defendant for dilution of the plaintiffs' mark and trade name.

79.    Upon information and belief, each defendant has willfully violated plaintiffs' trademark rights entitling plaintiffs to recover each defendant's profits as well as any damages sustained by plaintiffs, the costs of the action and reasonable attorney's fees to be determined by the Court.

80.    Plaintiffs will also seek judgment for three times each defendant's profits or plaintiffs' damages, whichever is greater, and will also request the Court to order destruction of the infringing advertisements, articles, websites, phone company directories and other communications and stop the use of their current phone numbers.

-17-

## DAMAGE TO BUSINESS REPUTATION AND
## TRADEMARK DILUTION IN VIOLATION OF
## NEW YORK GENERAL BUSINESS LAW
## SECTION 360-L - FOURTH CAUSE OF ACTION

81.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "80" above, with the same force and effect as if fully set forth herein.

82.    In diverting and stealing business away from plaintiffs, defendants have damaged plaintiffs' business reputation with the public at large and plaintiffs' customers because of the confusingly similar names which damages plaintiffs' credibility and reliability and also because the services provided by the defendants are substandard, improper and overpriced.

83.    Each defendant's deceptive actions have injured plaintiffs' business reputation as well as the distinctive quality of the marks and trade names ABC, A.B.C. CARPET and ABC RUG & CARPET CLEANING SERVICE.

84.    Each defendant's actions are in violation of Section 360-L of the General Business Law.

85.    The aforesaid acts of each defendant have caused and, without judicial intervention, will continue to cause plaintiffs irreparable harm for which there is no adequate remedy at law.

-18-

86.    In accordance with Section 360-L of the General Business Law, plaintiffs request the Court to issue a preliminary and permanent injunction prohibiting each defendant from continuing to injure plaintiffs' business reputation and diluting plaintiffs' trademark and license rights.

87.    Plaintiffs will also request the Court to order destruction of the infringing advertisements, articles, websites, phone company directories and other communications and stop the use of their current phone numbers.

## NEW YORK STATE COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION - FIFTH CAUSE OF ACTION

88.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "87" above, with the same force and effect as if fully set forth herein.

89.    Upon information and belief, each defendant has diverted and attempted to steal customers of plaintiffs as well as the public at large by pretending to be plaintiffs or claiming some association with plaintiffs.

90.    The acts of each defendant either through confusingly similar names or deceptive conduct constitute trademark infringement and dilution and unfair competition in violation of plaintiffs' rights under the commonlaw of the State of New York.

-19-

91.    The aforesaid acts of each defendant have caused and, without judicial intervention, will continue to cause plaintiffs irreparable harm for which there is no adequate remedy at law.

92.    In view of the above, plaintiffs request that the Court issue a preliminary injunction as well as a permanent injunction against each defendant prohibiting each defendant from continuing to conduct business under their present corporate names or any name similar to that of plaintiffs ABC RUG & CARPET CLEANING SERVICE and A.B.C. CARPET.

93.    Plaintiffs will also request the Court to order destruction of the infringing advertisements, articles, websites, phone company directories and other communications and stop the use of their current phone numbers.

## DECEPTIVE ACTS AND PRACTICES UNDER NEW YORK STATE GENERAL BUSINESS LAW §349 - SIXTH CAUSE OF ACTION

94.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "93" above, with the same force and effect as if fully set forth herein.

95.    Each defendant's actions and practices in using plaintiffs' trademark and licensing rights, confuses individuals into believing that plaintiffs have some relationship with each defendant and constitutes materially deceptive conduct harmful to the public at large which conduct has also damaged plaintiffs.

96.    Each defendant's actions are consumer oriented and directed towards consumers in an attempt to mislead them in a material way.

97.    Plaintiffs have been damaged as a result of each defendant's actions as set forth above by damaging plaintiffs' business reputation, infringing and diluting its licensed trademarks and in improperly stealing and diverting business away from plaintiffs.

98.    In view of the above and in accordance with General Business Law Section 349 (h) and due to the defendants' willful misconduct, plaintiffs request this Court to award it statutory damages in the amount of $1,000.00 for each defendant's deceptive business practices.

## ATTORNEY'S FEES UNDER GENERAL BUSINESS LAW
## SECTION 349 - SEVENTH CAUSE OF ACTION

99.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "98" above with the same force and effect as if fully set forth herein.

100.    Section 349 (h) of the General Business Law of the State of New York provides a Court may award reasonable attorney's fees to a prevailing plaintiff.

101.    In view of each defendant's deceptive actions and practices in deceiving the public that each defendant has some relationship with plaintiffs and also due to each defendant's violation of plaintiffs' trademark and licensing rights and because such conduct is materially deceptive and harmful to the public at large, plaintiffs request this Court to award them reasonable attorney's fees in an amount to be determined by the Court at the conclusion of this action.

-21-

## LANHAM ACT - CYBERPIRACY
### EIGHTH CAUSE OF ACTION

102.   Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "101" above with the same force and effect as if fully set forth herein.

103.   Upon information and belief, defendant ABC RUG CLEANERS established the ABC RUG CLEANERS.COM website.

104.   Said website is in violation of 15 U.S.C. Section 1125(d) because said website violates plaintiffs' trademark and license rights in ABC, A.B.C. CARPET and ABC RUG & CARPET CLEANING SERVICE which marks qualified for protection under Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c).

105.   Upon information and belief, defendants have engaged in bad faith by creating the ABC RUG CLEANERS.COM website whose main purpose is to confuse plaintiffs' customers and the public at large into contacting defendants rather than plaintiffs, causing the plaintiffs to sustain damages.

106.   Plaintiffs request this Court to order the forfeiture and cancellation of the website domain name.

107.   Plaintiffs request this Court to issue a preliminary injunction as well as a permanent injunction directing that said website and domain name be shut down, discontinued and abolished.

-22-

108.   Plaintiffs request this Court to issue a preliminary injunction as well as a permanent injunction against each defendant for its dilution of the plaintiffs' mark and trade name.

109.   Upon information and belief, each defendant willfully violated plaintiffs' trademark rights entitling plaintiffs to recover defendants' profits as well as any damages sustained by plaintiffs, the costs of the action and reasonable attorney's fees to be determined by the Court.

110.   Plaintiffs will also seek judgment for three times each defendant's profits or plaintiffs' damages, whichever is greater.

111.   Plaintiffs will also request the Court to order destruction of the infringing advertisements, articles, websites, phone company directories and other communications and stop the use of their current phone numbers.

## LANHAM ACT - CYBERPIRACY
## NINTH CAUSE OF ACTION

112.   Plaintiffs repeat and reallege each and every allegation made in paragraphs "1" through "111" with the same force and effect as if fully set forth herein.

113.   Upon information and belief, defendants have been advertising through the Yellow Pages, Super Pages and other directories and creating various other websites with deceivingly similar names to that of plaintiffs.

-23-

114.   Plaintiffs request the Court to order the discontinuation of these web-sites and all advertisements in the Yellow Pages, Super Pages or any other directories under defendants' names as well as any confusingly similar names.

115.   Plaintiffs request a preliminary injunction as well as a permanent injunction against all defendants and for an order directed to all Yellow Pages, Super Pages, other phone books, phone company websites and any other mass media and directories prohibiting them from listing defendants in their directories as well as any other names that are similar to that of plaintiffs ABC RUG & CARPET CLEANING SERVICE and A.B.C. CARPET.

116.   Plaintiffs also request the Court to order the discontinuation of all telephone numbers being presently used by the defendants which are being used to divert and steal business away from plaintiffs.

WHEREFORE, plaintiff ABC RUG & CARPET CLEANING SERVICE, INC. requests:

(1)   A judgment at first during the pendency of this action and thereafter perpetually enjoining the defendants, its corporate officers, agents, servants, employees, attorneys and all persons in active concert or participation with them and acting for, with, by, through, or under them, and each of them, from:

(A)   using the name ABC RUG CLEANERS, INC., ABC CARPET & UPHOLSTERY CARE, INC. as well as the names ABC Rug & Carpet Cleaners, ABC Carpet & Rug Services, ABC Carpet & Upholstery Cleaning,

-24-

ABCRugCleaners.com or any corporate or business name that contains ABC, A.B.C. Carpet or ABC Rug & Carpet or any combination thereof in connection with any part of the defendants' business, including advertising, cleaning and maintenance of rugs, carpets, accessories and other household goods.

(B)    using in any form the plaintiffs' marks ABC and the ABC Block Design, and the mark and trade name ABC CARPET and ABC RUG & CARPET CLEANING SERVICE on or in connection with any part of the defendants' business including advertising and sale of rugs, carpets, accessories and other household goods;

(C)    otherwise engaging in unfair competition with the plaintiffs;

(D)    diluting the distinctive quality of the plaintiffs' famous trade-marks ABC and ABC Block Design and ABC RUG & CARPET CLEANING SERVICE; and

(2)    A judgment commanding and ordering the defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them and acting for, with, by, through, or under them, and each of them to:

(A)    destroy or deliver up for destruction all advertising, sales literature, offering circulars, promotional pieces, and other materials or whatever kind and nature which use in any form the plaintiff's mark ABC in any manner including ABC, A.B.C. CARPET and ABC RUG & CARPET CLEANING SERVICE in connection with the operation of retail stores or cleaning services concerning rugs, carpets and accessories or any other home furnishings;

-25-

(3)     A judgment ordering the defendants to file with this Court and to serve on the plaintiffs within thirty (30) days after the service of the injunction a report in writing under oath, setting forth in detail the manner and form in which the defendants have complied with the foregoing injunction;

(4)     A judgment ordering defendants to allow access to all of their books and records to plaintiffs' accountant to perform an audit of all their books and records to determine how many customers were diverted, along with the amount of revenue that was diverted;

(5)     A judgment ordering the defendants to provide a list of all of their customers, including name, address and phone number;

(6)     A judgment allowing plaintiffs to contact defendants' customers and inform them that they were mislead and to advise them that plaintiffs are the appropriate ABC RUG & CARPET CLEANING SERVICE.

(7)     A judgment ordering defendants to account for and pay over to plaintiffs all damages sustained by plaintiffs and profits realized by defendants by reason of defendants' acts herein alleged;

(8)     Pursuant to the Lanham Act, a judgment ordering the defendants to pay the plaintiffs all its reasonable taxable costs and attorney's fees in a sum and manner deemed appropriate by this Court based on the deliberate and willful violation by the defendants of plaintiffs' trademark and license rights; and

(9)    Pursuant to Section 349(h) of the General Business Law, a judgment awarding plaintiffs $1,000.00 in statutory damages as well as reasonable attorney's fees against defendants due to their deceptive business practices in an amount to be determined by the Court at the conclusion of this action;

(10)    A judgment ordering such other and further relief as justice may require.

Dated:    Garden City, New York
          June 20, 2008

                                    LAW OFFICES OF
                                    ROBERT L. DOUGHERTY


                            By: _Robert L. Dougherty_____
                                    ROBERT L. DOUGHERTY
                                    Attorney for Plaintiff, ABC RUG &
                                    CARPET CLEANING SERVICE, INC.
                                    226 Seventh Street, Suite 200
                                    Garden City, New York 11530
                                    (516) 873-0808

-27-