**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ABC RUG & CARPET CLEANING** : | |
| **SERVICE INC., et al.,** : | |
| : | |
| **Plaintiffs,** : | **MEMORANDUM** |
| : | **OPINION AND ORDER** |
| **- against -** : | |
| : | **08 Civ. 5737 (RMB) (RLE)** |
| **ABC RUG CLEANERS, INC., et al.,** : | |
| : | |
| **Defendants.** : | |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On June 26, 2008, Plaintiffs brought this action under the Trademark Act of July 5, 1946,

(the "Lanham Act"), as amended, 15 U.S.C. § 1051, *et seq*., raising claims of trademark

infringement and dilution, inter alia. (Compl. ¶ 8.) On September 11, 2008, an initial conference

was held before The Honorable Richard M. Berman, and the deadline for the completion of fact

and expert discovery was set for January 12, 2009. (Docket No. 11.) On December 1, 2008,

Plaintiffs raised a discovery dispute with the Court. On the same date, the case was referred to

the undersigned for general pretrial management and for the resolution of the discovery dispute

Plaintiffs raised. (Docket Nos. 12 and 13.) Following a telephone conference with the Parties, the

Court ordered that Defendants produce all responsive documents to Requests 5-8, 10-14, 19, 20,

30, 31, and 43 of Plaintiffs' First Request for Production of Documents, by December 22, 2008.

(Docket No. 16.)

Before the Court is a request by Plaintiffs that the Court order Defendant ABC Rug

Cleaners, Inc. ("ABC Rug Cleaners"), to produce documents responsive to Requests 18 and 21 of

Plaintiffs' First Request for Production of Documents.  Plaintiffs also request a 45 day extension of the fact discovery deadline. For the reasons that follow, the requests are **GRANTED**.

## II. DISCUSSION

### A. Plaintiffs' Document Request 18

Plaintiffs' document Request 18 seeks "[a]ll documents concerning the name, address and telephone number of each customer of ABC Rug Cleaners from January 1, 2007 to the present." In response to this request, ABC Rug Cleaners responded, "defendant asserts a privilege." (Plaintiffs' Memorandum to the Court, Dec. 15, 2008 ("Pl. Mem.") at 1.) They argue that the identity of ABC Rug Cleaners's customers is a central issue in the case. (*Id.* at 2.) Plaintiffs assert that ABC Rug Cleaners incorporated in 2007 under a name confusingly similar to Plaintiff ABC Rug & Carpet Cleaning Service, which had incorporated in New Jersey in 1997, and filed a certificate of doing business in New York in 2000. (*Id.*) Further, plaintiff ABC Rug & Carpet Cleaning Service was granted a license to use the block letters "ABC" by plaintiff ABC Carpet Company, which obtained trademark designation for the block letters in 1998. (*Id.*) Plaintiffs argue that ABC Carpet Company has been in business for approximately 100 years, and that its name and reputation are of great value in attracting customers for cleaning and repair work to rugs and carpets. (*Id.*)

Plaintiffs further contend that ABC Rug Cleaners has been exploiting the name and reputation developed at great expense and care by plaintiffs ABC Carpet Company and ABC Rug & Carpet Cleaning Service. (*Id.*) They point to occasions where customers have been confused into contacting ABC Rug Cleaners either through Defendants' advertisements, phone numbers, or through its website, "ABCrugcleaners.com." To support these allegations, Plaintiffs annex to

2

their submission various examples of correspondence in which customers detail their confusion. (*Id.* at Ex. A.)

Plaintiffs argue that ABC Rug Cleaners's customer list is relevant because it will show that Defendant diverted customers away from plaintiff ABC Rug & Carpet Cleaning Service or plaintiff ABC Carpet Company by pretending to be affiliated with them. They allege that this is damaging them on an ongoing basis in terms of lost revenue and reputational damage from substandard and overpriced services being provided by defendant ABC Rug Cleaners. (Pl. Mem. at 2.) Plaintiffs note that they are amenable to entering into a confidentiality order with respect to all documents provided in response to their request. (*Id.* at 3.)

Defendants argue that ABC Rug Cleaners's customer list is a confidential trade secret that, if exposed, would cause undue harm and expense to ABC Rug Cleaners. (Defendants' Letter in Opposition, Dec. 15, 2008 ("Def. Opp.") at 1.) They further argue that ABC Rug Cleaners has spent substantial time and effort in establishing a customer list that is not readily ascertainable elsewhere. (*Id.*) Defendants assert that the documents requested would be tantamount to revealing ABC Rug Cleaners's entire business model and customer base to a competitor, and that a disclosure of confidential, protected trade secret information of this magnitude would be unduly harmful. (*Id.* at 1-2.) Defendants also note that, if necessary, they will seek a protective order regarding Plaintiffs' request. (*Id.* at 1.)

According to Rule 26(b) of the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). Rule 26(c)(1)(G) authorizes courts, for good cause shown, to issue a protective order "requiring that a trade secret or other confidential research, development, or

commercial information not be revealed or be revealed only in a specified way." FED. R. CIV. P. 26(c)(1)(G). Rule 26, however, "is not a blanket authorization for the court to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on discovery in order to prevent injury, harassment, or abuse of the court's process." *Bridge C.A.T. Scan Assoc. v. Technicare Corp.*, 710 F.2d 940, 944-45 (2d Cir. 1983) (*citing Rodgers v. United States Steel Corp.*, 536 F.2d 1001 (3d Cir. 1976); *International Products Corp. v. Koons*, 325 F.2d 403 (2d Cir. 1963)). The burden is upon the moving party to demonstrate good cause for the protection sought, and the nature of the protection, if any, to be afforded "is singularly within the discretion of the district court." *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992) (*quoting Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973)). More than "[b]road allegations of harm unsubstantiated by specific examples or articulated reasoning," good cause requires "the moving party [to] demonstrate that 'disclosure will work a clearly defined and very serious injury.'" *Uniroyal Chem. Co. Inc. v. Syngenta Crop Protection*, 224 F.R.D. 53, 56 (D. Conn. 2004) (*citing The Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 143 (S.D.N.Y. 1997); *Cuno, Inc. v. Pall Corp.*, 117 F.R.D. 506, 508 (E.D.N.Y. 1987); *Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd.*, 529 F.Supp. 866, 891 (E.D.Pa. 1981); *United States v. International Business Machines Corp.*, 67 F.R.D. 40, 46 (S.D.N.Y. 1975).

"Whether information merits protection in a particular case depends upon: 1) the extent to which the information is known outside the business; 2) the extent to which information is known to those inside the business; 3) the measures taken to guard the secrecy of the information; and 4) the value of the information to the business and its competitors." *Id.* at 56-57.

4

Protective orders limiting access to highly confidential information to counsel and experts "are commonly entered in litigation involving trade secrets and other confidential research, development, or commercial information." *Vesta Corset Co., Inc. v. Carmen Foundations, Inc.*, 1999 WL 13257, at *3 (S.D.N.Y. Jan 13, 1999) (citing *Quotron Systems, Inc., v. Automatic Data Processing, Inc.*, 141 F.R.D. 37, 40 (S.D.N.Y. 1992) (limiting disclosure to counsel and experts); *Culligan v. Yamaha Motor Corp.*, 110 F.R.D. 122, 126 (S.D.N.Y. 1986) (limiting disclosure to plaintiff's counsel); *Stillman v. Vassileff*, 100 F.R.D. 467, 468 (S.D.N.Y. 1984) (limiting disclosure to plaintiff's counsel); *Sullivan Marketing, Inc., v. Valassis Communications, Inc.*, 1994 WL 177795, at *2 (S.D.N.Y. 1994) (limiting disclosure of documents relating to pricing and market strategies to outside counsel, their employees, and consultants retained for litigation because in-house counsel was sufficiently involved in competitive decision-making), but noting *Princeton Management Corp. v. Assimakopoulos*, 1992 WL 84552 (S.D.N.Y. 1992) (limiting access to documents regarding trade secrets to two specifically designated representatives of plaintiff solely for the purposes of litigation)) .

Although neither Plaintiffs nor Defendants submit affidavits to support the assertions of counsel, ABC Rug Cleaners's disclosure of its customer list could potentially cause it economic harm, considering that the Parties appear to be direct competitors. The potential harm to defendant ABC Rug Cleaners must therefore be balanced against ABC Carpet Company and ABC Rug & Carpet Cleaning Service's need for the information.  *See Battle Creek Equip. Co. v. Roberts Mfg. Co.*, 90 F.R.D. 85, 86 (D.C. Mich. 1981); *see also Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 260 (M.D.N.C. 2001) ("A request for a protective order must be made with appropriate specifics and once it is determined that confidential

information is being sought, the party opposing confidential treatment must show that the information is sufficiently relevant to outweigh the harm of disclosure."). "Ample precedent exists for limiting disclosure of . . . proprietary information to attorneys and experts, particularly when there is some risk that a party might use the information . . . to gain a competitive advantage over the producing party." *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, 1998 WL 186728, at *2 (E.D.La., 1998) (citing cases). In most cases, "the key issue often is not whether the information will be disclosed, but under what conditions it should be disclosed." *Drexel Heritage*, 200 F.R.D. at 260.

Here, the information ABC Rug Cleaners seeks to protect consists of its customer list, which it asserts it has spent substantial time and effort in establishing, and which is not readily ascertainable elsewhere. (Def. Opp. at 1.) ABC Rug Cleaners's customer list is relevant, however, on the issues of actual confusion and likelihood of confusion. *Asch/Grossbardt, Inc. v. Asher Jewelry Company*, 2003 U.S. Dist. LEXIS 2837, *8-*9 (S.D.N.Y. 2003) (ordering the disclosure of customer list and holding that the customer list was relevant on the issues of actual confusion and likelihood of confusion under the Lanham Act).

The Court notes with approval the approach used in *Asch/Grossbardt, Inc.*, where, "in order to protect against any 'predatory' practices, while still recognizing the broad scope of discovery in federal actions," the Parties were ordered to enter into a protective order prior to the disclosure of counterclaim defendant's customer list to counterclaim plaintiff. *Id.* (noting also that this procedure was used in *Drexel Heritage*, 200 F.R.D. at 262-63, and *Liberty Folder v. Curtiss Anthony Corp.*, 90 F.R.D. 80, 82-83, to compel the production of supplier and customer lists, respectively). The "protective order should: (1) limit access to the requested information to

6

plaintiff's counsel on an 'Attorney's Eyes Only' basis; (2) limit the number of copies of said information that may be circulated among plaintiff's counsel; and (3) limit the use of said information for purposes of the present litigation only." *Id.* This procedure further recommends itself insofar as Plaintiffs have already offered to enter into a confidentiality agreement with respect to all documents Defendants provide in response to Request 18. (Pl. Mem. at 3.)

**B. Plaintiffs' Document Request 21**

Plaintiffs' document Request 21 seeks "[c]opies of all bank statements, deposit tickets and cancelled checks for ABC Rug Cleaners from January 1, 2007 to the present." ABC Rug Cleaners, Inc. claims the request is "unduly burdensome." (Pl. Mem. at 2.) Plaintiffs argue that the documents are relevant to a damages calculation under the Lanham Act, i.e., to show revenue Defendants have generated from their deceptive business practices. (Pl. Mem. at 3.) Defendants allege that this request is unduly burdensome to ABC Rug Cleaners because it is a small business operation without a sophisticated bookkeeping system. (Def. Opp. at 2.) They state that ABC Rug Cleaners does not have the resources to reproduce two years' worth of cancelled checks, bank statements, and deposit tickets, because it would unduly consume time and manpower, and because it would be onerous to its business. (*Id.*) Defendants assert that these documents lack importance and are irrelevant to a resolution of the issues in the case. (*Id.*) Defendants provide no further factual information or affidavits to support their assertions that it would be unduly burdensome for them to respond to Plaintiffs' request.

A court will only limit the discovery of relevant information when it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at

stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C)(iii). In this case, Defendants have not demonstrated that compliance with Plaintiffs' document Request 21 would result in burden or expense significant enough for relevant information central to the issue of Plaintiffs' asserted damages to be precluded from discovery. Defendants' unsupported assertions that ABC Rug Cleaners is a small business that does not keep sophisticated records notwithstanding, Defendants point to no specific reasons why compliance with this request would be unduly burdensome.

## III. CONCLUSION

For the foregoing reasons, no later than **January 21, 2009**, the Parties **SHALL** submit to the Court a stipulated protective order that (1) limits access to the documents to be produced by ABC Rug Cleaners, Inc. to Plaintiffs' counsel, on an 'Attorney's Eyes Only' basis; (2) limits the number of copies of said information that may be circulated among Plaintiffs' counsel; and (3) limits the use of said information for purposes of the present litigation only. If the Parties are unable to jointly submit such a stipulated protective order, they **SHALL** each submit an order individually, one of which the Court will accept.

Moreover, Defendant ABC Rug Cleaners, Inc. **SHALL** provide responsive documents to Requests 18 and 21 of Plaintiffs' First Request for Production of Documents no later than **February 2, 2009**. Finally, the Parties **SHALL** complete fact discovery in this case no later than **March 2, 2009.**

**SO ORDERED this 14th day of January 2009
New York, New York**

**The Honorable Ronald L. Ellis
United States Magistrate Judge**

8